8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ruth E COKER; Cathy Beets; Maria C Briesacher; Norma
Carideo; Maria Corral; Manuel Kantor; Chu Ly; Ester
Matthews; Jessie Minton; Roger J Norton; Paul A Palmira;
James H Raso; Velma L Reed; Joseph Todaro; Cleo M Young;
Don Meza, Plaintiffs-Appellants,
v.
CULINARY HOTEL AND MOTEL SERVICE WORKERS' UNION, LOCAL 226,
OF LAS VEGAS, NEVADA, of the Hotel Employees and Restaurant
Employees International Union of America, an affiliate of
the American Federation of Labor, CIO; Hotel Employees and
Restaurant Employees International Union of America; G
Richard; James Arnold; Donald Taylor aka D Taylor; Black
& White Corporations, I through X Corporations; Able &
Baker Companies, I through X Partnerships; John & Jane Does
I through XXX, individuals, Defendants-Appellees.
Ruth E COKER; Cathy Beets; Maria C Briesacher; Norma
Carideo; Maria Corral; Manuel Kantor; Chu Ly; Ester
Matthews; Jessie Minton; Roger J Norton; Paul A Palmira;
James H Raso; Velma L Reed; Joseph Todaro; Cleo M Young;
Don Meza, Plaintiffs-Appellee,
v.
CULINARY HOTEL AND MOTEL SERVICE WORKERS' UNION, LOCAL 226,
of Las Vegas, Nevada, of the Hotel Employees and Restaurant
Employees International Union of America, an affiliate of
the American Federation of Labor, CIO; Hotel Employees and
Restaurant Employees International Union of America; G
Richard; James Arnold; Donald Taylor aka D Taylor; Black
& White Corporations, I through X Corporations; Able &
Baker Companies, I through X Partnerships; John & Jane Does
I through XXX, individuals, Defendants-Appellant.
 Nos. 92-15799, 92-15843.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 12, 1993.
Decided Sept. 17, 1993.
 
 Before: SNEED, POOLE, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants appeal the district court's grant of summary judgment to the Culinary Hotel and Motel Service Workers' Union ("Union"). Defendants-Appellees removed the complaint from state court pursuant to 28 U.S.C. § 1441. The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 3
 * REMOVAL
 
 
 4
 The Supreme Court has set forth the criteria for removal under section 28 U.S.C. § 1441(a):
 
 
 5
 The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.
 
 
 6
 Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (citations and footnotes omitted). Appellants cite Caterpillar for the proposition that their complaint falls within the well-pleaded complaint rule and thus, cannot be removed. They argue that their claims are exclusively state claims. Notwithstanding plaintiffs' protestations to the contrary, their complaint hardly fits within the confines of the well-pleaded complaint rule. Blatant federal claims appear on its face.
 
 
 7
 In paragraph 27 of the First Amended Complaint, plaintiffs quote section 101(a)(5) of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(5), providing that union members be given notice and a hearing prior to discipline being imposed. The First Amended Complaint then alleges that plaintiffs were terminated without such notice and hearing.
 
 
 8
 The first cause of action is reliant on claims that defendants violated federal labor laws:
 
 
 9
 69. Plaintiffs are informed and believe that the Defendants IU and LOCAL 226, orchestrated the construction of their Constitution and By-Laws for the purposes of appearing to be in compliance with the National Labor Relations Act (NLRA) and LMRDA.
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 73. ... Defendant, LOCAL 226, intended, at all times pertinent to this action, to appear to be in compliance with federal labor law....
 
 
 13
 * * *
 
 
 14
 * * *
 
 
 15
 77. Plaintiffs are informed and believe Defendants, IU, LOCAL 226, RICHARD G. McCRACKEN, JAMES ARNOLD, JOHN WILHELM, and D. TAYLOR, participated in continuing appearance of a labor union in compliance with federal labor law....
 
 
 16
 Finally, in their third cause of action (bad faith discharge), plaintiffs contend their discharges were "for the improper purpose of ... (2) Denying Plaintiffs [named] their Constitutionally guaranteed rights under the guise of union patronage." Though plaintiffs now contend that this reference was solely to the Nevada State Constitution, they argued to the district court that this reference was to the First and Fourteenth Amendments of the United States Constitution.
 
 
 17
 Because federal questions appear on the face of plaintiffs' complaint, the district court did not err in granting removal and in retaining jurisdiction. Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 996-97 (9th Cir.1987).
 
 II
 SUMMARY JUDGMENT
 
 18
 Summary judgment was granted on two grounds, (1) failure to comply with local rules 140-4 and 6, and (2) the holding of Finnegan v. Leu, 456 U.S. 431 (1982). Each ground is dispositive of this appeal.
 
 
 19
 Under the Local Rules of Practice of the District of Nevada, a party's failure to file a response memoranda within 15 days of service of a moving party's points and authorities constitutes consent to the granting of the pending motion. L.R. 140-6. The record conclusively establishes that appellants did not file their response memoranda on time. This ground alone supports the grant of appellees' motion for summary judgment.
 
 
 20
 Second, a searching examination of this record demonstrates (1) that based on their job descriptions, all of the plaintiffs fall within the ambit of union employees subject to "political" discharge after an election, and (2) Arnold's alleged campaign representations of perfidy were simply part of the democratic process. As such, the courts are without power to intervene in this process even in the face of claims of unfairness or retaliation. Accordingly, the doctrine of estoppel on which appellants rely in an attempt to enforce Arnold's alleged campaign statements is simply not applicable.
 
 CONCLUSION
 
 21
 Appellants' claims were properly removed to federal court and preempted in their entirety by the Labor Management Reporting Act of 1959, 29 U.S.C. § 401 et seq. As such, they are barred by the holding of the Supreme Court in Finnegan. See also Screen Extras Guild, Inc. et al., v. Superior Court of Los Angeles County, 51 Cal.3d 1017, 275 Cal.Rptr. 395, 800 P.2d 873 (1990). Nevertheless, we affirm the district court in its denial of sanctions pursuant to Rule 11, and we decline to sanction appellants for any technical violation of the rules.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3